IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MAXCINE WHITE § | |
| § | |
| V. § | CASE NO. 4:11cv113 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II of the Social Security Act on October 31, 2008, claiming entitlement to disability benefits due to chronic lower back pain, arthritis, and mechanical back problems. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on January 27, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's medical expert, John R. Vorhies, Jr., M.D., and the ALJ's vocational expert, Talesia Beasley, testified.

On March 26, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on January 11, 2011. Therefore, the March 26, 2010 decision of the ALJ became the final decision of the Commissioner

for purposes of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 1, 2004, through her date last insured of December 31, 2009 (20 C.F.R. 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: history of lumbar fusion on 2004 and hypertension (20 C.F.R. 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to lift up to 20 pounds occasionally, 10 pounds frequently, sit 6 hours of an 8 hour workday, stand/walk 6 hours of an 8 hour workday, no climbing ladders or ropes, occasional stooping, kneeling, crouching and crawling as defined in 20 C.F.R. 404.1567(b).

6. Through the date last insured, the claimant was capable of performing past relevant work as a waitress.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

7. The claimant was not under a "disability," as defined in the Social Security Act, at any time from February 27, 2008, the amended alleged onset date, through December 31, 2009, the date last insured (20 C.F.R. § 404.1520(f)).

(TR 18-23).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *ames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff contends that the ALJ applied the wrong standard at Step 2 of the analysis. The Commissioner all but agrees but then notes that sifting through the analysis cures any error. Twice the ALJ cited to the standard and *Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). The ALJ stated that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities **that would have no more than a minimal effect on an individual's ability to work.** TR 17. The ALJ followed the language of the 20 C.F.R. Section 404.1520 (c). Contrary to Plaintiff's argument, the Fifth Circuit has also cited this exact language in a recent opinion in holding that the ALJ followed the correct analysis.

"An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities." *Brunson v. Astrue*, 387 Fed. Appx. 459 (5th Cir. 2010) (internal citation omitted). True, the *Stone* analysis emphasizes the effect on the individual rather than the effect on the ability to work. But the Court finds that this is a matter of semantics which, in common sense reasoning, means the same the thing. Although the *Brunson* decision is unpublished, it does provide some insight into how the Circuit views the standard, the same as quoted by the ALJ.

In any event, procedural error does not require reversal and remand unless the substantial rights of a party have been affected. *See Anderson v. Sullivan*, 887 F.2d 630,634 (5th Cir. 1989). All of Plaintiff's complaints as to severity or non-severity of her impairments center on her view that

the ALJ followed an incorrect legal standard, and, as such, the case must be remanded. However, as shown by the Fifth Circuit's language in the *Brunson* case, the ALJ applied the proper standard as recognized in this Circuit. Plaintiff's first point of error is overruled.

Next, Plaintiff argues that the ALJ's credibility findings are not supported by substantial evidence. Basically, Plaintiff argues that the ALJ's credibility findings are just "boilerplate" conclusions entitled to no deference. The ALJ's decision on the severity of pain is entitled to considerable judicial deference. *See James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986). An ALJ's unfavorable credibility evaluation of a claimant's allegations will not be upheld on judicial review only where the uncontroverted medical evidence shows a basis for a claimant's complaints and the ALJ does not articulate a basis for discrediting the claimant's subjective complaints of pain by weighing the objective medical evidence. *See Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir.1985). Those circumstances are not present here.

As to Plaintiff's RFC, the ALJ gave his reasons. He noted the opinion of the testifying ME and also the examination performed by Dr. Rowley (Exhibit 7F) which he noted indicated that Plaintiff's allegations were not fully supported by the record. The limitations noted by Dr. Rowley are the same as those noted by the ALJ. There was substantial evidence to support his RFC finding. Plaintiff's second point of error is overruled.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings

on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

  **SIGNED this 1st day of June, 2012.**

                _____
                DON D. BUSH
                UNITED STATES MAGISTRATE JUDGE